# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHAEL MECHENBIER,

        Plaintiff,

and

PATRICK H. LYONS, COMMISSIONER
OF PUBLIC LANDS FOR THE STATE
OF NEW MEXICO,

        Intervenor-Plaintiff,

v.     Civ. No. 04-1367 JH/ACT

ALVINO LUCERO, EDWIN JARAMILLO,
ESQUIPULA GARCIA, WES HUFF
(Wesley Hough), and JOHN DOES 1-15,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Michael Mechenbier's *Motion to Remand* [Doc. No. 6], in which the Intervenor, Patrick Lyons, joins. The primary issues before the Court are whether the pleadings and other papers in this case present a federal question that conveys subject matter jurisdiction to this Court, and if so, the timeliness of the Notice of Removal filed by Defendants. Because the Court does not have subject matter jurisdiction, the Motion To Remand will be granted.

## FACTUAL BACKGROUND

On July 30, 2004, Plaintiff filed his original Complaint in district court in Valencia County, New Mexico. In that Complaint, Plaintiff alleged that Defendants unlawfully obstructed a road

leading to his ranch in Valencia County—a road which he claims that he, his family, and members of the public have used to access the ranch for fourteen years. Plaintiff has asserted claims for declaratory judgment as well as injunctive relief to prevent Defendants from continuing to restrict his access to the road. However, on its face the original Complaint contains no claim arising under federal law, nor do any of the parties contend otherwise.

On August 2, 2004, Defendants, who are members of the Pueblo of Isleta, filed a motion to dismiss the complaint, arguing *inter alia* that they enjoyed absolute immunity as tribal officers acting in their official capacities.[1] The state court denied the motion to dismiss, and on August 16, 2004, Defendants filed a Petition for Writ of Prohibition or Superintending Control with the New Mexico Supreme Court. In his August 27, 2004 written response to that petition, Plaintiff argued that Defendants' actions violated "both federal and state law," that the *Ex parte Young* exception to sovereign immunity applies to "suits brought in New Mexico state courts to enforce rights validly created under federal law," and that "under federal regulation, tribal law enforcement officers have jurisdiction over non-Indians only 'in Indian Country.' 25 C.F.R. 12.21." In that same brief, Plaintiff also argued that Defendants "violated federal law as established by the United States Supreme Court. In *Strate v. A-1 Contractors*, 520 U.S. 438 (1997), the Supreme Court addressed the ability of an Indian tribe to exercise jurisdiction over a state highway running through an Indian reservation."

The New Mexico Supreme Court denied Defendants' petition for writ. At that point, Defendants filed a Petition for Writ of Error in the New Mexico Court of Appeals. In his response brief, Plaintiff made references to federal law similar to those he had made before the New Mexico Supreme Court. Again, the petition was denied, and the Defendants sought a writ of certiorari from

---

[1] The Pueblo of Isleta is not a party to this action.

the New Mexico Court of Appeals. Once again, in his response to that petition, Plaintiff alleged that Defendants' actions had violated federal law, and the Court denied the petition for writ of certiorari.

On November 23, 2004, Intervenor Patrick Lyons filed his Complaint ("Intervenor's Complaint"). In that Complaint, Intervenor alleges that he is an elected official of the State of New Mexico charged with the custody and care of the state's trust lands. Intervenor's Complaint at ¶¶ 1, 9. Intervenor also alleges that for decades, Plaintiff and others have accessed various parcels of trust land by using the road at issue in this case, (id. at ¶ 10), and that in 1997 the Pueblo of Isleta purchased a parcel of land traversed by the road subject to an encumbrance permitting public use of the road. Id. at ¶ 13-14. In his Complaint, Intervenor specifically requests declaratory and injunctive relief. In addition, Intervenor has alleged that "Defendants' actions violate state and federal law" (Intervenor's Complaint at ¶ 16), and that "the blocking of access over a County Road ... is a violation of the Enabling Act," by which Intervenor apparently means the Act of Congress in 1910 that allowed New Mexico to join the union. *See* Intervenor's Complaint at ¶¶ 19-20. These are the only allegations in the Intervenor's Complaint that even hint at a federal question.

On December 7, 2004, Defendants filed their Notice of Removal based upon the allegations contained in Intervenor's Complaint, contending that the Intervenor's Complaint raised a "general federal question" under 28 U.S.C. § 1331. In his motion to remand, Plaintiff argues that Defendants did not remove the case in a timely manner.[2]

---

[2] Interestingly, neither Plaintiff nor Intervenor disputes the existence of federal question jurisdiction under 28 U.S.C. § 1331 as asserted by Defendants in their Notice of Removal. Rather, their argument is that removal was untimely. However, the parties cannot create subject matter jurisdiction by agreement, and therefore the Court examines the issue of the existence of a federal question *sua sponte*. The Court may examine its subject matter jurisdiction at any time in the proceedings. *See* 28 U.S.C. § 1447; *see also Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

## **DISCUSSION**

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). [T]here is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id.*

### **I.  THE EXISTENCE OF A FEDERAL QUESTION**

Where there is no diversity of citizenship between the parties, as in this case, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of United States district courts under 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction in any specific case is governed by the "well-pleaded complaint" rule. That rule states that a complaint originally filed in state court cannot be removed to federal court unless federal jurisdiction appears from the face of a "well-pleaded complaint." *Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70 (1936); *see also Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908). The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). Under this rule, the plaintiff may avoid federal jurisdiction by exclusive

reliance on state law in his complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Furthermore, a defense that raises a federal question is inadequate to confer federal jurisdiction. *See Mottley*, 211 U.S. at 153-54, 29 S.Ct. at 44.

District courts have original jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-08, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (internal citation omitted). The more familiar definition of the statutory "arising under" limitation is Justice Holmes' statement that, "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). However, the Supreme Court also has held that "a case 'arises under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. 2841 (citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921)).

### A.     The Existence Of A Federally-Created Cause Of Action

First, this Court looks to see if the complaint alleges a claim arising under a federal law that creates the cause of action. *See Franchise Tax Bd.*, 463 U.S. at 26, 103 S.Ct. 2841. Though the Plaintiff and Intervenor's references to federal law are far from clear, they simply do not state a federally-created cause of action.

Plaintiff's briefs filed in state appellate courts as well as Intervenor's Complaint contain accusations that Defendants' actions in blocking the road "violate federal law." However, such vague

references to a supposed federal cause of action are not sufficient to confer jurisdiction on this Court. *See Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). In *Avitts*, plaintiffs claimed that defendants had violated state and federal law in causing oil spills damaging plaintiffs' property. Defendants in that case attempted to remove. Plaintiffs subsequently amended their complaint to eliminate all reference to federal law. The Fifth Circuit concluded that "no federal question has ever been stated." *Id*. at 692 (emphasis added). Here, just as in *Avitts*, where reference to violation of federal law was not sufficient to create federal jurisdiction, the nebulous references to "federal law" is not sufficient to confer jurisdiction on this Court.

The Plaintiff has also argued in his appellate papers that "under federal regulation, tribal law enforcement officers have jurisdiction over non-Indians only 'in Indian Country,'" citing 25 C.F.R. 12.21. However, the federal regulations upon which he relies do not create a cause of action for their violation. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229 (1986) (fact that Congress did not provide private federal remedy for violation of Food, Drug and Cosmetic Act treated as tantamount to congressional conclusion that violation of statute as part of state law claim is insufficiently substantial for removal jurisdiction). Similarly, Intervenor's allegation that "the blocking of access over a County Road... is a violation of the Enabling Act," 36 Stat. 557, Chapter 310, even if true, is to no avail, because that Act creates no private cause of action either. *Id*. Plaintiff's repeated reference to *Strate v. A-1 Contractors*, 520 U.S. 438 (1997), is also futile, as that case addresses the adjudicatory authority of tribal courts in certain circumstances and does not create any cause of action.

Finally, Plaintiff argues that Defendants were on notice of their federal claims because of their repeated references to the Supreme Court's decision in *Ex parte Young*. The Eleventh Amendment

6

guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court recognized an exception to the Eleventh Amendment, holding that an individual seeking only prospective injunctive relief for ongoing violations of federal law may bring suit against state officials in federal courts. *See Alden v. Maine*, 527 U.S. 706, 757, 119 S.Ct. 2240 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 74, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The reasoning behind the *Ex parte Young* exception is that if an official has performed his duties in a way that contravenes either the Constitution or a federal law, he does so outside the cloak of state authority. Because a suit against that official therefore does not impact "the State in its sovereign or governmental capacity," Eleventh Amendment immunity is inapplicable. 209 U.S. at 159, 28 S.Ct. 441. However, *Ex parte Young* does not <u>create</u> a federal cause of action—it merely permits a plaintiff to go forward with whatever existing cause of action for prospective injunctive relief to prevent a violation of federal law that plaintiff would otherwise assert against the defendant.

Based upon the current record, the Court can discern no other possible basis for a federal claim against Defendants, nor is the Court required to exhibit clairvoyance. Accordingly, based upon the record presently before the Court, there is no federally created cause of action in this case that would generate federal subject matter jurisdiction.

**B.    Does The Vindication Of Plaintiff's Or Intervenor's Rights Under State Law Necessarily Turn On Some Construction Of Federal Law?**

A federal question is also present when the vindication of a right under state law necessarily turns on some construction of federal law. However, that is not the case here.

This case is essentially a dispute regarding competing rights in real property. Plaintiff and Intervenor contend that they have a right to use the "public road," while Defendants contend that they have the right (either as individuals or as agents of an entity such as the Pueblo of Isleta) to restrict access to the road. The question before the Court is whether the adjudication of those competing real property rights turns on the construction of federal law. As explained above, Defendants have the burden of demonstrating the existence of a federal question.

Plaintiff has also argued in his appellate papers that "under federal regulation, tribal law enforcement officers have jurisdiction over non-Indians only 'in Indian Country,'" citing 25 C.F.R. 12.21. However, that regulation addresses the powers and jurisdiction of tribal law enforcement officers to enforce applicable criminal laws.[3] It is difficult to see how the parties' respective rights in real property (a civil matter) could turn on a construction of this regulation, particularly when there is no allegation that any of the Defendants are tribal law enforcement officers commissioned in accordance with the regulation.

Intervenor alleges that "the blocking of access over a County Road... is a violation of the Enabling Act," 36 Stat. 557, Chapter 310. This Act of Congress, enacted in 1910, permitted New Mexico to join the Union as a State, and also provided that certain lands would be held in trust for public institutions such as universities, insane asylums, government buildings, prisons, and national forests. Be that as it may, it is difficult to discern how a construction of the Enabling Act will be an issue in determining whether Defendants have a right to block the particular road at issue in this case.

---

[3] The regulation provides, in pertinent part: "BIA law enforcement officers are commissioned under the authority established in 25 U.S.C. 2803. BIA may issue law enforcement commissions to other Federal, State, local and tribal full-time certified law enforcement officers to obtain active assistance in enforcing applicable Federal criminal statutes, including Federal hunting and fishing regulations, in Indian country."

In addition, *Strate v. A-1 Contractors*, 520 U.S. 438, 117 S. Ct. 1404 (1997), has little or no bearing on the issue at hand. In *Strate*, vehicles driven by two non-Indians collided on a portion of a North Dakota state highway running through an Indian reservation. The Supreme Court held that when an accident occurs on a public highway maintained by the State pursuant to a federally granted right-of-way over Indian reservation land, a civil action against allegedly negligent non-members falls within state or federal regulatory and adjudicatory governance; absent a statute or treaty authorizing the tribe to govern the conduct of nonmembers driving on the State's highway, tribal courts may not exercise jurisdiction in such cases. *Id*. at 442. Thus, *Strate* deals with the authority of tribal courts to adjudicate tort claims arising from incidents occurring on public highways crossing over tribal land. However, the adjudicatory authority of a tribal court over non-members is not at issue here—this is not a case in which an action has been filed in tribal court. Rather, what is at issue are the competing rights of Plaintiff, Intervenor, and Defendants in a specific parcel of real property. *Strate* simply does not illuminate this issue, and resolution of it will not turn upon a construction of *Strate*.

Finally, in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court held that an individual seeking only prospective injunctive relief for ongoing violations of federal law may bring suit against state officials in federal courts. However, as explained above it does not appear that what Plaintiff and Intervenor seek to enjoin is a violation of federal law (at least to the extent that one has been pointed out to this Court), but rather a violation of common law property rights. Therefore, the repeated citations to *Ex parte Young* are unavailing, and there is no federal question in this case under the current record.

## II.    TIMELINESS OF REMOVAL

The timing requirement for filing a notice of removal is set forth in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceedings shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable* . . . .

(emphasis added).

The thirty day period for removal applies to an initial pleading if that pleading gives clear and unequivocal notice that there is a right to remove. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999) (citing *DeBry v. Transamerica Corp.*, 601 F. 2d 480 (10th Cir. 1979)). The failure to file a timely notice of removal is a procedural defect requiring remand. *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1124 (D.N.M. 1998) (citations omitted).

However, because neither Plaintiff nor Intervenor has as yet stated a claim that raises a federal question, the time for removal is not yet ripe, and therefore the issue of timeliness is moot. However, in the event that either Plaintiff or Intervenor amends his complaint to include a federal question, the Defendants may have another opportunity to remove the case to federal court. *See Nicholson v. Nat'l Accounts, Inc.*, 106 F. Supp.2d 1269 (D. Ala. 2000) (mere fact that case was previously remanded does not preclude defendant from filing second notice of removal if subsequent pleadings or events reveal new and different basis for removal).

IT IS THEREFORE ORDERED that Plaintiff Michael Mechenbier's *Motion to Remand* [Doc. No. 6] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE